**LITTLER MENDELSON**
A Professional Corporation
One Newark Center, Eighth Floor
Newark, New Jersey 07102
973.848.4700
Attorneys for Defendant
  Akeena Solar, Inc.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DAVID APPOLONIA,<br><br>              Plaintiff,<br><br>vs.<br><br>AKEENA SOLAR, INC., AKEENA, INC., John Does 1-10 (Said names being fictitious; real names unknown) and ABC Corp. 1-10 (Said names being fictitious; real names unknown),<br><br>              Defendants. | Civil Action No.<br><br>[to be assigned]<br><br>**NOTICE OF REMOVAL**<br><br>**<u>Electronically Filed</u>** |

**TO:  THE CLERK AND THE HONORABLE JUDGES**
        **OF THE UNITED STATES DISTRICT COURT**
        **FOR THE DISTRICT OF NEW JERSEY**

Defendant Akeena Solar, Inc. ("defendant") hereby files this Notice of Removal of the above-captioned action to the United States District Court for the District of New Jersey, from the New Jersey Superior Court, Law Division, Atlantic County, where the action is now pending, as provided by Title 28, United States Code, Chapter 89 and states:

1.     Plaintiff David Appolonia ("plaintiff") commenced this action on April 1, 2008 by filing a Complaint in the Superior Court of New Jersey, Law Division, Atlantic County, captioned *David Appolonia v. Akeena Solar, Inc., Akeena, Inc., John Does 1-10 (Said names being fictitious; real names unknown) and ABC Corp. 1-10 (Said names being fictitious; real names unknown)*, bearing Docket No. L-1142-08 ("the State Court Action").  The State Court Action is now pending in that court.

2.     Plaintiff served defendant with the Summons and Complaint on or about April 17, 2008.  This Notice of Removal is filed within 30 days of that date, as required by 28 U.S.C. § 1446(b).

3.     Attached hereto as **Exhibit A** is a copy of all process, pleadings and orders served upon defendant in the State Court Action, pursuant to 28 U.S.C. § 1446(a).

4.     The State Court Action is between citizens of different states and is a civil action over which the district courts of the United States have original jurisdiction by virtue of diversity jurisdiction granted by 28 U.S.C. § 1332.  Specifically, plaintiff is a citizen of New Jersey, and defendant Akeena Solar, Inc. is a citizen of Delaware (its state of incorporation) and California (its principal place of business).  Defendant Akeena, Inc. is no longer in existence.

5.     Fictitious defendants have not been adequately identified.   Therefore, their citizenship shall be disregarded pursuant to 28 U.S.C. § 1441(a).

6.     Additionally, the matter in controversy exceeds the sum $75,000, exclusive of interest and costs, based on Paragraph 10 of plaintiff's Complaint, which alleges that "the damages at issue are in excess of $150,000."

7.     This Notice of Removal is being filed in the United States District Court for the District of New Jersey, the district court of the United States for the district and division within which the State Court Action is pending, as required by 28 U.S.C. §§ 1441(a) and 1446(a).

8.      Upon filing of this Notice of Removal, defendant shall give written notice thereof to plaintiff's counsel, Louis A. Bové, Esq., and Jay M. Green, Esq., of Bodell, Bove, Grace & Van Horn, and shall file copies of this Notice of Removal with the Clerk, Superior Court of New Jersey, Law Division, Atlantic County, pursuant to 28 U.S.C. §1446(d).

9.      By filing this Notice of Removal, defendant does not waive any defenses available to it at law, in equity or otherwise.


**WHEREFORE**, defendant respectfully requests that this action proceed in this Court as an action properly removed to it.


                    **LITTLER MENDELSON, P.C.**
                    Attorneys for Defendant
                      Akeena Solar, Inc.


                    By: /s/ Keith J. Rosenblatt
                        Keith J. Rosenblatt

Dated: May 13, 2008

# EXHIBIT A

**BODELL, BOVE, GRACE & VAN HORN**
By: Louis A. Bové, Esquire
    Jay M. Green, Esquire
1913 Greentree Road, Suite A
Cherry Hill, NJ 08003
(856) 414-1441

        ***

30 S. 15th Street
6th Floor
Philadelphia, PA 19102
(215) 864-6600

| | | |
|---|---|---|
| DAVID APPOLONIA | : | SUPERIOR COURT OF NEW JERSEY |
|      *Plaintiff(s)*, | : | LAW DIVISION: ATLANTIC COUNTY |
| | : | |
| vs. | : | DOCKET NO. L-1142-08 |
| | : | |
| AKEENA SOLAR, INC., AKEENA, INC., | : | |
| John Does 1-10 (Said names being fictitious; | : | |
| real names unknown) and ABC Corp. 1-10 | : | **SUMMONS** |
| (Said names being fictitious; real names | : | |
| unknown), | : | |
| | : | |
|      *Defendant(s)*. | : | |

**From the State of New Jersey, to the above named Defendant: Akeena Solar, Inc.**

     The Plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this Summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written Answer or motion and proof of service with the Deputy Clerk of the Superior Court in the county listed above within THIRTY-FIVE (35) DAYS from the date you received this Summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, NJ 08625. A $110.00 filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the Deputy Clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your Answer or motion to Plaintiff's attorney whose name and address appear above, or to Plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

     If you do not file and serve a written Answer or motion within THIRTY-FIVE (35) DAYS, the Court may enter a judgment against you for the relief Plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of numbers is also provided.

THEODORE J. FETTER, Clerk of
the Superior Court

DATED:     April 15, 2008

Name of defendant to be served:     Akeena Solar, Inc.

Address of defendant to be served:     26 Commerce Road, Suite F, Fairfield, NJ 07004

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Boulevard, First Fl.
Atlantic City, NJ 08401
**LAWYER REFERRAL**
(609) 345-3444
**LEGAL SERVICES**
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Case Processing Section, Room 119
Justice Center, 10 Main St.
Hackensack, NJ 07601-0769
**LAWYER REFERRAL**
(201) 488-0044
**LEGAL SERVICES**
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn.: Judicial Intake
First F., Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060
**LAWYER REFERRAL**
(609) 261-4862
**LEGAL SERVICES**
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
1st Fl. Hall of Records
101 South 5th Street
Camden, NJ 08103
**LAWYER REFERRAL**
(609) 964-4520
**LEGAL SERVICES**
(609) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
9 N. Main Street, Box DN-209
Cape May Court House, NJ 08210
**LAWYER REFERRAL**
(609) 463-0313
**LEGAL SERVICES**
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Sts., P.O. Box 615
Bridgeton, NJ 08302
**LAWYER REFERRAL**
(609) 692-6207
**LEGAL SERVICES**
(609) 451-0003

**ESSEX COUNTY**
Deputy Clerk of the Superior Court
237 Hall of Records
465 Dr. Martin Luther King, Jr., Blvd.
Newark, NJ 07102
**LAWYER REFERRAL**
(201) 622-6207
**LEGAL SERVICES**
(201) 624-4500

**GLOUCESTER COUNTY**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn.: Intake
First Fl., Court House
1 North Broad Street, PO Box 129
Woodbury, NJ 08096
**LAWYER REFERRAL**
(609) 848-4589
**LEGAL SERVICES**
(609) 848-5360

**HUDSON COUNTY**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House - 1st Floor
583 Newark Avenue
Jersey City, NJ 07306
**LAWYER REFERRAL**
(201) 798-2727
**LEGAL SERVICES**
(201) 792-6363

**HUNTERDON COUNTY**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08862
**LAWYER REFERRAL**
(609) 735-2611
**LEGAL SERVICES**
(609) 782-7979

**MERCER COUNTY**
Deputy Clerk of Superior Court
Local Filing Office, Courthouse
175 South Broad St., PO Box 8068
Trenton, NJ 08650
**LAWYER REFERRAL**
(609) 585-6200
**LEGAL SERVICES**
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Administration Building, 3rd Floor
1 Kennedy Sq., PO Box 2633
New Brunswick, NJ 08903-2633
**LAWYER REFERRAL**
(908) 828-0053
**LEGAL SERVICES**
(908) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
71 Monument Park, PO Box 1262
Court House - East Wing
Freehold, NJ 07728-1262
**LAWYER REFERRAL**
(908) 431-5544
**LEGAL SERVICES**
(908) 866-0020

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
30 Schuyler Pl., PO Box 910
Morristown, NJ 07960-0910
**LAWYER REFERRAL**
(201) 267-5882
**LEGAL SERVICES**
(201) 285-6911

**SALEM COUNTY**
Deputy Clerk of the Superior Court
92 Market St., PO Box 18
Salem, NJ 08079
**LAWYER REFERRAL**
(609) 678-8363
**LEGAL SERVICES**
(609) 451-0003

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754
**LAWYER REFERRAL**
(908) 240-3666
**LEGAL SERVICES**
(908) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton St.
Paterson, NJ 07505
**LAWYER REFERRAL**
(201) 278-9223
**LEGAL SERVICES**
(201)345-7171

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
New Court House, 3rd Fl.
PO Box 3000
Somerville, NJ 08876
**LAWYER REFERRAL**
(908) 685-2323
**LEGAL SERVICES**
(908) 231-0840

**SUSSEX COUNTY**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
**LAWYER REFERRAL**

ATLANTIC COUNTY COURT HOUSE
SUPERIOR COURT LAW DIV
1201 BACHARACH BLVD
ATLANTIC CITY     NJ 08401

COURT TELEPHONE NO. (609) 345-6700          TRACK ASSIGNMENT NOTICE
COURT HOURS

                    DATE:    APRIL 08, 2008
                    RE:      APPOLONIA DAVID VS AKEENA SOLAR INC ETAL
                    DOCKET:  ATL L -001142 08

THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

DISCOVERY IS    300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS:  HON DARYL F. TODD

   IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    002
AT: (609) 343-2296.

   IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
   PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.

            ATTENTION:
                        ATT: LOUIS A. BOVE
                        BODELL BOVE GRACE & VAN HORN
                        1913 GREENTREE ROAD
                        SUITE A
                        CHERRY HILL      NJ 08003

JUDBED0

# STATEWIDE ADJOURNMENT PROCEDURE FOR CIVIL TRIALS AND ARBITRATIONS

[AS APPROVED BY THE SUPREME COURT AND PROMULGATED BY DIRECTIVE #6-04]

1. All requests to adjourn a civil trial or an arbitration are governed by *Rule* 4:36-3(b).

2. A good faith effort shall be made to discuss any request for an adjournment with all other parties before the request is presented to the court.

3. All adjournment requests must be made in writing, submitted to the Civil Division Manager. Faxed submissions are acceptable. Telephone requests will not be accepted absent exceptional circumstances. Requests must be copied to all other parties.

4. Any request for an adjournment must be presented as soon as the need for an adjournment is known. Absent exceptional circumstances, the request must be presented no later than the close of business on the Wednesday preceding the Monday of the week the matter is scheduled for trial or arbitration.

5. The written request must indicate the reason or reasons the adjournment has been requested, and whether the other parties have consented to the proposed adjournment. The written request should also include a new proposed date for trial or arbitration, consented to by all parties. If consent cannot be obtained, the court will determine the matter by conference call with all parties.

6. If the adjournment request is based upon a conflict with another court proceeding, the party requesting the adjournment must indicate whether he or she is designated trial counsel and supply the name of the other matter, the court and county in which it is pending, and the docket number assigned to the matter.

7. No adjournments will be granted to accommodate dispositive motions returnable on or after the scheduled trial date.

8. A matter should not be considered adjourned until court staff has confirmed that the request for an adjournment has been granted. Timely response will be given to the party requesting the adjournment, who will then be responsible for communicating the decision to all other parties.

9. To the extent any party is dissatisfied with the decision made by the Civil Case Management Office, the following procedure should be followed:

In master calendar counties, the aggrieved party should present the matter to the Civil Division Manager directly; to the extent that any party is dissatisfied with the decision made by the Civil Division Manager, that party may ask that the matter be presented to the Civil Presiding Judge;

In individual/team calendar counties, the aggrieved party should present the matter to the Civil Division Manager directly; to the extent that any party is dissatisfied with the decision made by the Civil Division Manager, that party

10. Requests for adjournment of a civil trial based on expert unavailability are governed by *R.* 4:36-3(c).

# CIVIL CASE INFORMATION STATEMENT

## (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under Rule 4:5-1
**Pleading will be rejected for filing, under Rule 1:5-6(c),
if information above the black bar is not completed or
if attorney's signature is not affixed.**

| FOR USE BY CLERK'S OFFICE ONLY | |
|---|---|
| PAYMENT TYPE: ☐ CK ☐ CG ☐ CA | |
| CHG/CK NO. | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Louis A. Bove, Esq./Jay M. Green, Esq. | (856) 414-1441 | Atlantic |

**FIRM NAME (If applicable)**
Bodell, Bove, Grace and Van Horn

**DOCKET NUMBER (When available)**
L-1142-08

**OFFICE ADDRESS**
1913 Greentree Road, Suite A
Cherry Hill, NJ 08003

**DOCUMENT TYPE**
Complaint

**JURY DEMAND** ☒ YES ☐ NO

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Plaintiff David Appolonia | David Appolonia v. Akeena Solar, Inc. and Akeena, Inc., et al. |

**CASE TYPE NUMBER**
(See reverse side for listing)
509

IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ☒ NO
IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT.

**RELATED CASES PENDING?** ☐ YES ☒ NO

IF YES, LIST DOCKET NUMBERS

**DO YOU ANTICIPATE ADDING ANY PARTIES** (arising out of same transaction or occurrence)? ☐ YES ☒ NO

NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN
☐ NONE
☒ UNKNOWN

---

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

---

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?** ☒ YES ☐ NO

IF YES, IS THAT RELATIONSHIP ☒ EMPLOYER-EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain) ☐ FAMILIAL ☐ BUSINESS

**DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?** ☒ YES ☐ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

**DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?** ☐ YES ☒ NO

IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION:

**WILL AN INTERPRETER BE NEEDED?** ☐ YES ☒ NO

IF YES, FOR WHAT LANGUAGE:

**ATTORNEY SIGNATURE**

Effective 02/01/2008, CN 10517-English

page 1 of 2

**SIDE 2**



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I — 150 days' discovery**

| | |
|---|---|
| 151 | NAME CHANGE |
| 175 | FORFEITURE |
| 302 | TENANCY |
| 399 | REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | BOOK ACCOUNT (debt collection matters only) |
| 505 | OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS) |
| 506 | PIP COVERAGE |
| 510 | UM or UIM CLAIM |
| 511 | ACTION ON NEGOTIABLE INSTRUMENT |
| 512 | LEMON LAW |
| 801 | SUMMARY ACTION |
| 802 | OPEN PUBLIC RECORDS ACT (SUMMARY ACTION) |
| 999 | OTHER (Briefly describe nature of action) |

**Track II — 300 days' discovery**

| | |
|---|---|
| 305 | CONSTRUCTION |
| 509 | EMPLOYMENT (other than CEPA or LAD) |
| 599 | CONTRACT/COMMERCIAL TRANSACTION |
| 603 | AUTO NEGLIGENCE – PERSONAL INJURY |
| 605 | PERSONAL INJURY |
| 610 | AUTO NEGLIGENCE – PROPERTY DAMAGE |
| 699 | TORT – OTHER |

**Track III — 450 days' discovery**

| | |
|---|---|
| 005 | CIVIL RIGHTS |
| 301 | CONDEMNATION |
| 602 | ASSAULT AND BATTERY |
| 604 | MEDICAL MALPRACTICE |
| 606 | PRODUCT LIABILITY |
| 607 | PROFESSIONAL MALPRACTICE |
| 608 | TOXIC TORT |
| 609 | DEFAMATION |
| 616 | WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES |
| 617 | INVERSE CONDEMNATION |
| 618 | LAW AGAINST DISCRIMINATION (LAD) CASES |

**Track IV — Active Case Management by Individual Judge / 450 days' discovery**

| | |
|---|---|
| 156 | ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION |
| 303 | MT. LAUREL |
| 508 | COMPLEX COMMERCIAL |
| 513 | COMPLEX CONSTRUCTION |
| 514 | INSURANCE FRAUD |
| 701 | ACTIONS IN LIEU OF PREROGATIVE WRITS |

**Mass Tort (Track IV)**

| | | | |
|---|---|---|---|
| 241 | TOBACCO | 275 | ORTHO EVRA |
| 248 | CIBA GEIGY | 276 | DEPO-PROVERA |
| 266 | HORMONE REPLACEMENT THERAPY (HRT) | 277 | MAHWAH TOXIC DUMP |
| 271 | ACCUTANE | 278 | ZOMETA/AREDIA |
| 272 | BEXTRA/CELEBREX | 601 | ASBESTOS |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 619 | VIOXX |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

Please check off each applicable category:

☐ Verbal Threshold          ☐ Putative Class Action          ☐ Title 59

**BODELL, BOVE, GRACE & VAN HORN**
By:    Louis A. Bové, Esquire
        Jay M. Green, Esquire
1913 Greentree Road, Suite A
Cherry Hill, NJ 08003
(856) 414-1441
        **\*\*\***
30 S. 15th Street
6th Floor
Philadelphia, PA 19102
(215) 864-6600

| | |
|---|---|
| DAVID APPOLONIA<br>　　　　　　　　*Plaintiff(s),*<br><br>　　vs.<br><br>AKEENA SOLAR, INC., AKEENA, INC.,<br>John Does 1-10 (Said names being fictitious;<br>real names unknown) and ABC Corp. 1-10<br>(Said names being fictitious; real names<br>unknown),<br><br>　　　　　　　　*Defendant(s).* | :  SUPERIOR COURT OF NEW JERSEY<br>:  LAW DIVISION: ATLANTIC COUNTY<br>:<br>:  DOCKET NO.: L-1142-08<br>:<br>:  CIVIL ACTION<br>:<br>:  **COMPLAINT AND DEMAND FOR**<br>:  **JURY TRIAL**<br>:<br>:<br>: |

Plaintiff David Appolonia, who resides at 6 Princeton Avenue, Egg Harbor Township,

New Jersey 08234, by and through his attorneys, Bodell, Bové, Grace & Van Horn, P.C., by way

of Complaint alleges as follows:

## FIRST COUNT – BREACH OF CONTRACT

1.     Plaintiff David Appolonia  resides at 6 Princeton Avenue, Egg Harbor Township,

New Jersey 08234.

2.     Upon information and belief, Defendants Akeena Solar, Inc. and Akeena, Inc.

(collectively "Akeena") have a principal place of business at 16005 Los Gatos Boulevard, Los Gatos, California 95032. Akeena Solar, Inc. is incorporated in the state of Delaware, and Akeena, Inc. is incorporated in the State of California. Akeena is in the business of selling home solar systems. Akeena also maintains its East Coast office at 26 Commerce Road, Suite F, Fairfield, New Jersey 07004.

3.     On December 8, 2005, Plaintiff David Appolonia accepted a position as Sales Executive at Akeena, effective December 12, 2005. He worked out of his home office at 6 Princeton Avenue, Egg Harbor Township, New Jersey 08234.

4.     Though Akeena has yet to formally terminate Mr. Appolonia, it constructively terminated him by deleting his necessary sales software account and company e-mail account, as well as stopping communication of leads, on or around November 1, 2006.

5.     The terms of Mr. Appolonia's compensation are set forth in the attached two-page contract, executed by Bill Scott, Executive Vice President of Akeena and Plaintiff David Appolonia. See Exhibit A.

6.     The two page contract was drafted by Mr. Scott and/or other agents of Akeena.

7.     Pursuant to the express terms of the contract, with the exception of promised training pay, Mr. Appolonia was paid only by commissions earned pursuant to the express terms of the agreement. More specifically, he is entitled to the following payments:

(A)     For systems sold at a total price of under $200,000, 50% of the 8% commission "is earned upon Akeena acceptance of a signed contract (earned after the 72 hour waiting period) with the remaining 50% paid after receipt of final payment from the customer. . . ."

2

(B)    "Commissions on systems over $200,000 are paid based on progress payments received from the customer, and will be included in monthly commission reports."

(C)    During the initial probation period of 90 days, 75% of the 8% commission was to be received "upon Akeena acceptance of a signed contract," and 25% upon receipt of final payment from the customer. Additionally, training pay of $275 per week was to be paid for the first two weeks of employment, and a recoverable draw of $675 was to be paid for the third week.

8.    Mr. Appolonia was not reimbursed for any travel expenses in his sales areas of New Jersey, Connecticut and New York, including but not limited to gas, tolls, mileage, and hotels. Additionally, pursuant to the attached contract, Mr. Appolonia was required to pay for his own laptop computer and digital camera.

9.    Akeena has breached its contract with Mr. Appolonia by failing to pay him the commissions agreed upon pursuant to the express terms of the contract. Additionally, Akeena did not pay Mr. Appolonia any of the training pay required under the terms of the contract.

10.    In light of the fact that Akeena continues to install the systems sold by Mr. Appolonia, and he is continuing to earn commissions, the exact amount owed to Mr. Appolonia cannot be determined without specificity pending discovery. However, based upon the information available to Plaintiff at this time, upon information and belief, the damages at issue are in excess of $150,000.

WHEREFORE, Plaintiff David Appolonia demands judgment against Defendant Akeena Solar, Inc. and Akeena, Inc., for wrongfully withheld wages and commissions, compensatory damages, punitive damages, consequential damages, costs, pre- and post-judgment interest and

attorneys' fees, and any further relief to which Plaintiff is entitled.

### SECOND COUNT – VIOLATION OF NEW JERSEY WAGE PAYMENT LAW

11.     Plaintiff incorporates the allegations in Paragraphs 1 through 10 as if they were expressly set forth herein.

12.     Akeena is an employer within the meaning of the New Jersey Wage Payment Law, N.J.S.A. § 34:11-4.1(a).

13.     Plaintiff is an employee within the meaning of N.J.S.A. § 34:11-4.1(b).

14.     Akeena has paid the Plaintiff compensation for his services that are wages within the meaning of N.J.S.A. § 34:11-4.1(c).

15.     Akeena has withheld and diverted from the Plaintiff wages and commissions which he has earned pursuant to the express contract drafted and executed by Akeena.

16.     Akeena has never altered the terms of Plaintiff's commission structure pursuant to N.J.S.A. § 32:11-4.6(b).

17.     Akeena has withheld and diverted the wages and commissions of the Plaintiff as set forth above in violation of N.J.S.A. § 34:11-4.3.

18.     Akeena has withheld and diverted the wages and commissions of the Plaintiff as set forth above in violation of N.J.S.A. § 34:11-4.4, et seq.

19.     Pursuant to N.J.S.A. § 34:11-4.7, Plaintiff has a private right of action against Akeena, his former employer, for the full amount of wrongfully withheld or diverted wages and commissions.

20.     In light of the fact that Akeena continues to install the systems sold by Mr. Appolonia,

and he is continuing to earn commissions, the exact amount owed to Mr. Appolonia cannot be determined without specificity pending discovery. However, based upon the information available to Plaintiff at this time, upon information and belief, the damages at issue are in excess of $150,000.

WHEREFORE, Plaintiff David Appolonia demands judgment against Defendant Akeena Solar, Inc. and Akeena, Inc., for wrongfully withheld wages and commissions, compensatory damages, punitive damages, consequential damages, costs, pre- and post-judgment interest and attorneys' fees, and any further relief to which Plaintiff is entitled.

### THIRD COUNT – VIOLATION OF CALIFORNIA LABOR CODE

21.    Plaintiff incorporates the allegations in Paragraphs 1 through 20 as if they were expressly set forth herein.

22.    Akeena is an employer within the meaning of the Cal. Lab. Code §200, et seq.

23.    Akeena has paid the Plaintiff compensation for his services that are wages within the meaning of Cal. Lab. Code §200(a).

24.    Akeena has withheld and diverted from the Plaintiff wages and commissions which he has earned pursuant to the express contract drafted and executed by Akeena.

25.    Akeena has withheld and diverted the wages and commissions of the Plaintiff as set forth above in violation of Cal. Lab. Code §201.

26.    Akeena has failed to pay wages and commissions to the Plaintiff as set forth above in violation of Cal. Lab. Code §202.

27.    Akeena has failed to pay wages and commissions to the Plaintiff as set forth above in violation of Cal. Lab. Code §204.

5

28.    Plaintiff is entitled to penalties pursuant to Cal. Lab. Code §203.

29.    Plaintiff is entitled to attorney's fees and costs pursuant to Cal. Lab. Code §218.5.

30.    Plaintiff is entitled to interest pursuant to Cal. Lab. Code §218.6.

31.    Pursuant to Cal. Lab. Code §218, Plaintiff has a private right of action against Akeena, his former employer, for the full amount of wrongfully withheld or diverted wages.

32.    In light of the fact that Akeena continues to install the systems sold by Mr. Appolonia, and he is continuing to earn commissions, the exact amount owed to Mr. Appolonia cannot be determined without specificity pending discovery.  However, based upon the information available to Plaintiff at this time, upon information and belief, the damages at issue are in excess of $150,000.

WHEREFORE, Plaintiff David Appolonia demands judgment against Defendant Akeena Solar, Inc. and Akeena, Inc., for wrongfully withheld wages and commissions, compensatory damages, punitive damages, consequential damages, costs, waiting time penalties, pre- and post-judgment interest and attorneys' fees, and any further relief to which Plaintiff is entitled.

## FOURTH COUNT – ACCOUNTING

33.    Plaintiff incorporates the allegations in Paragraphs 1 through 32 as if they were expressly set forth herein.

34.    Mr. Appolonia has requested, on numerous occasions, an updated and complete accounting of his commission and payroll records, as well as the sales records regarding the clients secured by Plaintiff.

35.    Akeena has failed to provide these requested records, and continues to refuse to

6

provide these records.

36.     The specific amount of money owed by Akeena to Plaintiff is unknown to Plaintiff and cannot be ascertained without a complete accounting of Plaintiff's commission and payroll records, as well as all sales records regarding the clients secured by Plaintiff.

WHEREFORE, Plaintiff David Appolonia demands an updated complete accounting of his commission and payroll records arising from his employment with Akeena, as well as all sales records regarding the clients secured by Plaintiff, costs of suit, attorneys' fees, and and any further relief to which Plaintiff is entitled.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of Rule 4:5-1(c), the Court is hereby advised that Louis A. Bove, Esquire is hereby designated as trial counsel for Plaintiff David Appolonia.

## DEMAND FOR JURY TRIAL

A trial by jury is hereby demanded as to all issues.

## CERTIFICATION

Pursuant to Rule 4:5-1(b)(2), after my initial investigation of this matter, it does not appear that the matter in controversy is the subject of any other action pending in any Court or of a pending arbitration proceeding or that any other actions or arbitration proceedings are contemplated.

7

In addition, my initial investigation of this matter does not reveal that there are any other parties that should be joined in the action.

_____
Louis A. Bove, Esquire
Jay M. Green, Esquire

Attorneys for Plaintiff David Appolonia

Dated: March 31, 2008

8



Ex. A.



**Akeena Solar** 605 University Avenue, Los Gatos, CA 95032   408-395-7774   www.akeena.net

December 8, 2005

David Appolonia
6 Princeton Avenue
Egg Harbor Township, NJ 08234
609-927-2676 (h)
609-839-4898 (c)
daveappolonia@verizon.net

Dear David:

We are pleased to offer you the position of Sales Executive at Akeena effective December 12, 2005.  We are looking forward to working with you as we achieve our goals at Akeena. This letter summarizes the terms of our offer and is valid for seven days, at which time this offer may be withdrawn.

As Sales Executive with Akeena your job responsibilities will include responding to existing and new customer leads, prospecting for new customers, working with referrals, finding and evaluating new sources of leads, making customer site visits, and gathering the necessary site data so that we may quote each customer job accurately.  In addition, you will prepare the necessary analysis and proposal documents to close the customer sale and apply for their initial rebates.

You will be compensated on a commission-only basis, as follows: the commission amount is calculated as 8.0% of the total sale amount. Commissions are paid monthly.

For systems sold at a total price of under $200,000, 50% of a commission is earned upon Akeena acceptance of a signed contract (earned after the 72 hour waiting period) with the remaining 50% paid after receipt of final payment from the customer (usually after the final local building department inspection).  Commissions on systems over $200,000 will be paid based on progress payments received from the customer, and will be included in monthly commission reports.

There is an initial probation period of 90 days, with periodic reviews. During this time, you will receive 75% of your commission upon Akeena acceptance of a signed contract, and 25% upon receipt of final payment from the customer. You will also receive training pay of $275 per week for your first two weeks of employment, and a recoverable draw of $675 for the third week.

You are expected to provide your own laptop computer that is suitable for use with the Company's software, and a digital camera. You will be entitled to the company's standard insurance benefits.

Your acceptance of this offer and commencement of employment with the Company is contingent upon the execution and delivery of the Company's Employment, Confidential Information and Invention Assignment Agreement, a copy of which is enclosed for your review and execution (the "Confidentiality Agreement"), prior to or on your start date. Notwithstanding anything in this offer letter to the contrary, employment with the Company will be on an "at-will" basis, meaning that either you or the Company may terminate your employment at any time for any reason or no reason without further obligation or liability.

We are all delighted to be able to extend you this offer and look forward to working with you. To indicate your acceptance of the Company's offer, please sign and date this letter in the space provided below and return it to me, along with a signed and dated copy of the Confidentiality Agreement. This letter, together with the Confidentiality Agreement, sets forth the terms of your employment with the Company and supersedes any prior representations or agreements, whether written or oral. This letter may not be modified or amended except by a written agreement, signed by the Company and by you.

Very truly yours,

AKEENA, INC.

By: Bill Scott, Executive Vice President


ACCEPTED AND AGREED:

Mr. David Appolonia

11/08/05
Date

2

SV_DOCS\17030.1